## ANDERSON v. OWEN. (No. 8572.)

(Court of Civil Appeals of Texas. Galveston. Oct. 29, 1924. Rehearing Denied Dec. 11, 1924. Second Rehearing and Motion to Certify Dismissed Feb. 5, 1925.)

1. Landlord and tenant ⊕⇒258—Defendant not entitled to judgment fixing or foreclosing landlord's lien where no such relief was sought.

Defendant, in suit to recover personal property or its value, was not entitled to judgment fixing or foreclosing landlord's lien, where foreclosure of landlord's lien was not sought in such suit or an earlier suit to foreclose mortgage through which he claimed title.

2. Jury ⊕⇒131(1)—Counsel may examine jurymen on voir dire as to relationship with opposing counsel.

Counsel may examine jurymen on voir dire as to acquaintance and relationship with opposing counsel.

3. Jury ⊕⇒131(2)—Refusal to permit counsel to withdraw acceptance of jury and examine jurors further held not abuse of discretion in absence of showing of prejudice.

Refusal to permit counsel to withdraw acceptance of jury and again examine them as to acquaintance and relationship with counsel for adverse party, who came into case after acceptance of jury, and was intimately acquainted with one juror, held not abuse of discretion in the absence of a showing of probable prejudice.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by John M. Owen against Christian Anderson. Judgment for plaintiff, and defendant appeals. Affirmed.

Lewis Wood and Leon Weinberg, both of Houston, for appellant.

K. C. Barkley, Fred L. Perkins, and W. Owen Dailey, all of Houston, for appellee.

LANE, J. Appellee, John M. Owen, brought this suit against appellant, Christian Anderson, to recover certain personal property or its value.

By the plaintiff's first amended petition, filed on the 21st day of March, 1923, upon which he went to trial, he alleged that one Pfeifer was indebted to him in the sum of about $750, and that to secure the payment of same he gave plaintiff a mortgage upon certain personal property belonging to him of the reasonable value of $1,000, and that thereafter Pfeifer transferred the title of said property to plaintiff so that plaintiff might sell the same to pay said debt of $750; that the defendant, Anderson, had taken possession of said personal property, and converted the same to his own use, to the damage of the plaintiff in the sum of $1,000. The prayer was for judgment against Anderson for possession of the property, or, in the alternative, for judgment against Anderson for the amount of the debt due to him by Pfeifer.

Defendant answered by general denial, and specially pleaded that the property sued for was in a house owned by him which he had leased to Pfeifer, and that Pfeifer owed him for rental of said house on the 1st day of April, 1920, and that on said date Pfeifer gave him a mortgage on the property sued for to secure payment of the rent then due, and such as might thereafter become due; that said mortgage was immediately duly filed as required by law; that said mortgage had never been released or satisfied, but to the contrary was in full force and effect; that on the 28th day of April, 1922, he sued

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Pfeifer for $350, said amount being due him as rents for said house; that in said suit he had judgment for $291.70, and a foreclosure of his mortgage; that the property was sold under said judgment and purchased at such sale by a third person, and that he purchased the same from such third person. He alleged that his mortgage was prior to the mortgage of plaintiff, and that he had never executed a release of the same.

By supplemental petition plaintiff alleged that in consideration of his paying to the First National Bank of Houston a balance due on a note for $500, executed by Pfeifer as principal and defendant as surety, defendant executed to Pfeifer a release of his, defendant's, mortgage; and that, at the time defendant brought his suit in which he took judgment against Pfeifer for $291.70, with foreclosure of his mortgage, plaintiff's mortgage had been and was then duly filed in the mortgage records of Harris county; that plaintiff was not a party to the suit of defendant against Pfeifer.

The cause was tried before a jury, which, in answer to special issues submitted to them, found that defendant Anderson did execute and cause to be delivered to Pfeifer a release of the mortgage given by Pfeifer to him, and that the property mortgaged to the plaintiff, Owen, and which was taken possession of by defendant, was of the value of $590.67.

The court rendered judgment upon the findings of the jury in favor of the plaintiff for $590.67 against the defendant, and from such judgment the defendant has appealed. The evidence was sufficient to sustain the findings of the jury, and we therefore overrule the assignments of appellant attacking said findings.

[1] There is nothing in the record to show that appellant, Anderson, in this suit, or the one filed by him against Pfeifer in 1920, sued for a foreclosure of a landlord's lien. He is therefore not entitled to a judgment fixing or the foreclosure of any such lien as now contended for by him.

Appellant makes the further contention: That the judgment should be reversed because the court erred in not permitting his counsel to withdraw the list of jurors which had been selected by both parties for the purpose of questioning them, or any of them, as to their acquaintance and relationship with Mr. Perkins, an attorney who had come into the case on the side of appellee after the lists had been handed in, in that, when Mr. Perkins came into the courtroom, there seemed to be familiarity between him and one or more of the jurors selected. That in making his opening argument for the plaintiff, Mr. Perkins addressed one of the jurors, a Mr. Callahan, and said in substance: "Mr. Callahan, you and I have been intimate friends for 12 years, and I leave it to you."

That had counsel for defendant been allowed to withdraw his list, and exercise his peremptory challenge, which had not been exhausted, he would have stricken the name of Callahan from the jury list.

[2, 3] We cannot sustain this contention. While it is admissible for counsel to examine the jurymen on their voir dire as to their acquaintance and relationship with counsel on the opposing side of the case, and exercise their peremptory challenge, it should not be held, we think, that the court in this case abused his discretion in refusing to permit counsel to withdraw his acceptance of the jury, and again examine them as to their acquaintance and relationship with counsel who came into the case after the acceptance of the jury. Before appellant would be entitled to a reversal of the judgment upon the grounds urged he must show that he probably suffered injury by the ruling of the court complained of. No such showing is made. It certainly cannot be held that a showing that one or more of the jurymen were intimately acquainted with counsel on the opposite side is a showing of probable injury. It can hardly be presumed that the friendship of a juror to counsel would induce him to disregard the law and evidence and his oath as a juror.

We conclude that the court did not, under the facts stated, abuse his discretion in refusing to permit counsel to withdraw acceptance of the jurymen already impaneled. Therefore, such action of the court constitutes no cause for a reversal of the judgment.

We have examined and considered all of the assignments of appellant, and having found no reversible error, the judgment is affirmed.

Affirmed.